UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THEODORE JOHNSON | CIVIL ACTION |
| V. | NO. 09-3409 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY | SECTION "F" |

## ORDER AND REASONS

Before the Court is the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. For the following reasons, the motion is DENIED.

### Background

Plaintiff resides in a travel trailer provided by the Federal Emergency Management Agency as temporary emergency housing after Hurricane Katrina. FEMA notified Johnson on February 15, 2009 that it had extended the temporary housing assistance program, authorizing Johnson to stay in the FEMA-furnished travel trailer until April 30, 2009 while he "complete[d] [his] search for, and relocate[d] into long term housing." Plaintiff has also provided an undated notice from FEMA that its assistance for disaster housing to Johnson will end on May 1, 2009, and that Johnson must vacate the trailer before that date.

Plaintiff seeks a Temporary Restraining Order and Preliminary Injunction to prevent FEMA from evicting him from his trailer. He

1

requests an order (1) enjoining FEMA from removing the trailer from his property; (2) requiring FEMA to immediately take all necessary steps to provide plaintiff safe and affordable housing as mandated by the Stafford Act; (3) requiring FEMA to comply with the Stafford Act and other governing federal and state regulations, in connection with the procurement of housing units in Louisiana; (4) enjoining defendants from evicting or threatening to evict him; and (5) any other relief that is appropriate such as repayment or reimbursement of rent, electricity or propane for cooking paid by plaintiff. Plaintiff is a disabled Vietnam veteran, and he claims that he will suffer irreparable harm because this eviction will deny him the basic necessities of life such as shelter, running water, and electricity. He asserts that under the Stafford Act, FEMA is mandated to assist plaintiff if he is unable to find a place to live and that FEMA must offer to sell the emergency trailer to him if he is unable to find other housing.

I.

A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. Ridgely v. Federal

requests an order (1) enjoining FEMA from removing the trailer from his property; (2) requiring FEMA to immediately take all necessary steps to provide plaintiff safe and affordable housing as mandated by the Stafford Act; (3) requiring FEMA to comply with the Stafford Act and other governing federal and state regulations, in connection with the procurement of housing units in Louisiana; (4) enjoining defendants from evicting or threatening to evict him; and (5) any other relief that is appropriate such as repayment or reimbursement of rent, electricity or propane for cooking paid by plaintiff. Plaintiff is a disabled Vietnam veteran, and he claims that he will suffer irreparable harm because this eviction will deny him the basic necessities of life such as shelter, running water, and electricity. He asserts that under the Stafford Act, FEMA is mandated to assist plaintiff if he is unable to find a place to live and that FEMA must offer to sell the emergency trailer to him if he is unable to find other housing.

I.

A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. <u>Ridgely v. Federal</u>

Emergency Management Agency, 512 F.3d 727, 734 (5th Cir. 2008). The movant bears the burden on all elements and must establish each of them "by a clear showing." Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).

II.

Plaintiff fails to make the extraordinary showing to justify a temporary restraining order or preliminary injunction because he has not established a likelihood of success on the merits of his claim. His assertions that FEMA must continue to assist him with housing seem without support and misguided, other than a general reference to the Stafford Act, which governs FEMA's provision of emergency housing assistance. 42 U.S.C. § 5121; Ridgely, 512 F.3d at 729. The Fifth Circuit has noted that FEMA has discretionary authority to authorize and administer emergency housing assistance under the Stafford Act. Ridgely, 512 F.3d at 736 (noting that the language of the Stafford Act and implementing regulations are permissive: "FEMA may provide assistance to individuals and households who qualify for such assistance"). Because of its institutional discretion, FEMA's emergency housing assistance does not create an entitlement in the plaintiff to a property interest in that assistance. Id. at 737-38. In Ridgely, the plaintiffs sought a preliminary injunction after their rental assistance payments, which were issued to individuals displaced from their homes after Hurricanes Katrina and Rita, were terminated by FEMA.

3

Id. at 729. The Fifth Circuit reversed the district court's grant of a preliminary injunction, concluding that the plaintiffs had failed to establish a substantial likelihood of successfully showing the property interest needed to support a due process violation. Id. at 740.

The legal basis for Johnson's request that this Court enjoin FEMA from evicting him from his trailer is unclear. However, to the extent he is attempting to make a due process claim, he has failed to make that showing or cite any other viable legal theory for recovery at this time. Because he has not fulfilled the requirements for a temporary restraining order or preliminary injunction,

IT IS ORDERED: that the motion is DENIED.

New Orleans, Louisiana, May 1, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE